UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ISIDORO DELEON,

                Plaintiff,

       v.

ELIZABETH HOFFMAN, et al.,

                Defendants.
_____

DECISION & ORDER

05-CV-6682CJS

        The plaintiff, Isidoro Deleon ("Deleon"), commenced this action on November 23, 2005, by filing a *pro se* Complaint under 42 U.S.C. § 1983 alleging that defendants retaliated against him for asserting his legal rights and denied him access to the courts. (Docket # 1). Deleon thereafter filed several amended and supplemental complaints, the most recent of which is the Third Amended Complaint. (Docket # 56). Currently before this Court is Deleon's motion for sanctions, including the entry of default, against defendants based upon their alleged failure to provide discovery. (Docket # 31).

        This Court's initial scheduling order, dated March 19, 2008, directed defendants to provide plaintiff with, among other things, "copies of any documents prepared by any employee of the State of New York . . . in connection with the events from which plaintiff's claims arose." (Docket # 26). On May 9, 2008, plaintiff filed the instant motion for sanctions, challenging the adequacy of defendants' initial disclosures. (Docket # 31). Deleon also seeks sanctions based upon defendants' failure to respond to discovery requests served prior to the Rule 16 conference. (*Id.*).

A review of the Court's docket reveals that defendants not only served and filed Rule 26 disclosures on April 25, 2008 as ordered, but also filed supplemental Rule 26 disclosures relating to Deleon's amended and supplemental complaints on October 6 and 21, 2008. (Docket ## 30, 49, 50). Considering the supplemental disclosures that have been made by defendants, at least some of which appear to pertain to the claims as to which Deleon maintains that he did not receive discovery, the record is unclear as to whether Deleon now has received the documents that he contended were missing from defendants' April 2008 initial disclosures. For this reason, I deny plaintiff's motion for sanctions without prejudice.[1] If plaintiff continues to believe that the required disclosures have not been made, he should file a new motion specifically identifying the documents, or categories of documents, that he maintains have not been produced. If such a motion is filed, defendants will be required to identify with specificity those documents that have been produced that they believe satisfy their disclosure obligations.

## CONCLUSION

For the foregoing reasons, it is this Court's Decision and Order that Deleon's motion for sanctions **(Docket # 31)** is **DENIED** without prejudice.

**IT IS SO ORDERED.**

                                               *s/Marian W. Payson*
                                                   MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
       February   26  , 2009

---

[1] I also reject Deleon's contention that sanctions are appropriate based upon defendants' failure to respond in a timely fashion to discovery requests served upon defendants prior to the Rule 16 conference. Deleon has not provided a copy of his requests to the Court for review in order to evaluate the propriety of his requests. In addition, the record is similarly unclear as to whether defendants have provided the requested discovery as part of their supplemental disclosures.