UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISIDORO DELEON,

                      Plaintiff,

          v.

ELIZABETH HOFFMAN, et al.,

                      Defendants.

DECISION & ORDER

05-CV-6682CJS

---

        The plaintiff Isidoro Deleon ("Deleon") commenced this action on November 23, 2005, by filing a *pro se* complaint under 42 U.S.C. § 1983 alleging that various employees of the New York State Department of Correctional Services tampered with his mail, including his legal mail and thereby impeded his access to the courts, and then retaliated against him for asserting his legal rights. (Docket # 1). Deleon thereafter filed several amended and supplemental complaints, the most recent of which is the third amended complaint. (Docket # 56). Currently before this Court are two motions by Deleon. The first is a motion to compel discovery. (Docket # 79). The second motion seeks to amend the complaint to change defendant Janet Geiger's ("Geiger") job title to "Senior Mail & Supply Clerk" and to add additional factual allegations against her. (Docket # 84).

        In a decision dated July 22, 2009, United States District Judge Charles J. Siragusa denied without prejudice a motion by Geiger to dismiss Deleon's third amended complaint. (Docket # 87). Geiger had argued that the complaint should be dismissed because it contained no factual allegations against her, although it named her as a defendant. (Docket # 61). In his

decision, Judge Siragusa observed that Deleon had inconsistently expressed his desire to keep Geiger in the case, having stated that he would be willing to dismiss her from the suit if he was provided with discovery that showed that she was not involved in the alleged mail tampering, but then filing the instant motion to amend the complaint to change Geiger's job title and add additional allegations against her. (Docket # 87 at 4, 7-8). For that reason, Judge Siragusa denied Geiger's motion without prejudice to renewal. In doing so, he noted that once discovery was completed, Deleon likely would seek to amend his complaint with respect to Geiger and that Geiger, in turn, could file a motion for summary judgment.[1] (*Id*. at 7-8, n.3).

With this procedural background in mind, I turn to Deleon's motions.

I. **Motion to Compel**

Filed on June 25, 2009, Deleon's motion to compel seeks responses from defendants Shaw, Bills, and Geiger to discovery requests that were served on December 9, 2008, but apparently never filed with this Court. (Docket # 79). Deleon also seeks a response to a supplemental discovery request filed on May 5, 2009. (Docket # 73). A review of the docket reveals that Geiger responded to the December 9, 2008 request on January 30, 2009. (Docket # 63). Defendants Bills and Shaw did not appear in this action until March 12, 2009. (Docket ## 67, 68). Geiger, Bills and Shaw jointly responded to Deleon's supplementary discovery

---

[1] Judge Siragusa wrote: "If [Deleon's] motion to compel is granted, Plaintiff may receive additional discovery that will affect the motion to amend. If the motion to compel is denied, Plaintiff nevertheless wants to amend his complaint to add additional allegations concerning Geiger. Regardless of what happens with the motion to compel or the motion to amend, [Geiger] will have an opportunity to bring a dispositive motion once discovery is completed." (Docket # 87 at 7-8).

request on June 19, 2009.[2] (Docket # 77). Defendants then filed supplementary Rule 26 disclosures on June 23, 2009. (Docket # 78). Shortly thereafter, on June 25, 2009, Bills and Shaw responded to the December 9, 2008 requests. (Docket ## 81, 82). The discovery period ended the next day on June 26, 2009. (Docket # 71).

Defendants contend that their production now moots Deleon's motion to compel. (Docket # 91). Deleon maintains in his reply that the motion to compel should be granted because defendants' production was incomplete. (Docket # 94 at ¶ 3). Specifically, Deleon asserts that defendants "failed to produce signed relevant documents prepared by them in connection with the 'Dispatches, Receives and Withholds' of the correspondence giv[ing] rise to the filing of the Third Amended Complaint." (*Id*.). After reviewing defendants' responses to Deleon's requests, this Court has been unable to determine which responses Deleon finds deficient. In addition, a review of defendants' responses reveals that defendants have responded to Deleon's relevant requests and have endeavored to provide responsive answers and documents, even where Deleon's requests were unclear. (*See* Docket ## 63, 77, 81, 82). Accordingly, Deleon's motion to compel is denied.[3]

---

[2] The parties disagree about whether the June 19, 2009 production was timely. Deleon asserts that he agreed to extend the deadline only until June 15, 2009. (Docket # 79, Decl. at ¶ 7). Defendants believe that Deleon agreed to the June 19, 2009 deadline, but argue that if he did not, the production four days later did not prejudice Deleon. (Docket # 91 at ¶ 20).

[3] Deleon further urges this Court to grant his motion to compel on the basis that defendants filed their responses four days late. Having now responded, however, defendants' alleged tardiness is no longer a basis to grant the motion. In addition, as defendants argue, Deleon has not shown that he was prejudiced by the short delay, and in any event, he has not sought sanctions.

3

## II. Motion to Amend

I turn next to Deleon's motion to amend his complaint. Specifically, he seeks to amend defendant Geiger's job title from Supervisor of the Mail Room to Senior Mail and Supply Clerk (Clerk 2), information Deleon learned from the discovery defendants produced on June 19, 2009 in response to his supplementary discovery request. (Docket # 84). Deleon has further indicated that he wishes to amend his complaint to allege that Geiger was involved in the alleged mail tampering. (*Id*.). Defendants have not opposed the motion to amend.

Rule 15(a) provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As discussed above, Judge Siragusa denied Geiger's motion to dismiss the third amended complaint, although it failed to include any factual allegations against her, on the assumption that following discovery Deleon would then be in a position to determine whether discovery had yielded information sufficient to maintain a claim against Geiger. Because the

4

discovery period in this case has concluded, Deleon is now in that position. Deleon has failed, however, to provide the Court with a proposed amended complaint specifying the additional claim or claims he seeks to assert against Geiger; nor has he provided any detail regarding the factual bases for the amended claims. Accordingly, because Deleon has not demonstrated that the underlying facts or circumstances relied upon in seeking leave to amend are a proper subject of relief, this Court cannot evaluate the appropriateness of such amendment under Rule 15 of the Federal Rules of Civil Procedure.

Thus, Deleon's motion for leave to file an amended complaint against Geiger is denied without prejudice to renewal. If Deleon wishes to amend his complaint to change Geiger's title and to assert claims against her, he may file another motion by no later than **March 26, 2010**, which must be accompanied by a proposed amended complaint, as well as an affidavit or memorandum of law specifically identifying the amendments he seeks to make.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel **(Docket # 79)** is **DENIED** and the motion to amend the complaint **(Docket # 84)** is **DENIED without prejudice to renewal**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       March   2  , 2010