UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISIDORO DELEON,

                          Plaintiff,

                                                    DECISION AND ORDER
          -v-                                       05-CV-6682 CJS

ELIZABETH HOFFMAN, et al.,

                          Defendants.

APPEARANCES

For Plaintiff:          Isidoro Deleon, *pro se*
                        93-A-3163
                        Shawangunk Correctional Facility
                        P.O. Box 700
                        Shawangunk, New York 12589


For Defendants:         Gary M. Levine, Esq.
                        Assistant Attorney General
                        Office of the New York State Attorney General
                        144 Exchange Boulevard, Suite 200
                        Rochester, New York 14614

INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 1983, in which Isidoro Deleon

("Plaintiff"), a prison inmate, proceeding *pro se*, sued various employees of the New York

State Department of Corrections and Community Supervision ("DOCCS") who were

employed at Wende Correctional Facility ("Wende") and Elmira Correctional Facility

("Elmira"). Now before the Court is Plaintiff's motion for reconsideration of the Court's

Decision and Order granting summary judgment for Defendants and dismissing this action.

The application is denied.

BACKGROUND

Plaintiff's Fifth Amended Complaint [#105] purported to state eleven (11) separate claims against the Defendants.  Claims 1-6 pertained to incidents at Wende, while claims 7-11 pertained to incidents at Elmira.  All but one of the claims involved Plaintiff's belief that Defendants tampered with his mail in order to retaliate against him.  The last claim alleged that Defendants conspired to issue a false misbehavior report against him in order to retaliate against him.

The sixth claim in the Fifth Amended Complaint was indirectly related to an incident that allegedly occurred at Wende on September 17, 2004, in which Plaintiff claimed that he was assaulted by corrections officers.  Specifically, the sixth claim alleged that Plaintiff had filed a grievance concerning the alleged assault, and that defendants destroyed a copy of a decision that had been sent to him concerning the grievance. *See*, Fifth Amended Complaint ¶ 113 ("Defendants . . . withheld and destroyed the copy of said decision sent to me on 10/27/04[.]").   The claim, therefore, was in the nature of mail tampering. Significantly, though, the Fifth Amended Complaint did not contain a claim based upon the alleged assault itself.  Apparently, and as discussed further below, that is because Plaintiff was pursuing a separate action in the New York State Court of Claims concerning the alleged assault.

On January 10, 2012, this Court issued a Decision and Order (Docket No. [#135]) granting summary judgment to Defendants and dismissing the action.  Plaintiff appealed, and on April 16, 2012, the Second Circuit Court of Appeals dismissed the appeal as "lack[ing] an arguable basis in law or fact." (Mandate, Docket No. [#139]).  More than two

years later, on November 7, 2014, Plaintiff filed the subject motion [#141] for reconsideration.

DISCUSSION

<u>Plaintiff's request [#141] for reconsideration</u>

It is well settled that "[m]otions for reconsideration are appropriate only if there has been an intervening change of controlling law, new evidence has become available, or there is a need to correct a clear error or prevent manifest injustice." *Flemming v. New York*, No. 06 Civ. 15226(LAP)(HBP), 2013 WL 4831197 at *8 (S.D.N.Y. Sep. 10, 2013) (citations and internal quotation marks omitted).

Here, Plaintiff contends, in conclusory fashion, that in granting summary judgment to defendants the Court overlooked evidence and violated his constitutional rights.[1]  Plaintiff also vaguely suggests that his ability to defend against Defendants' summary judgment motion was hampered by the fact that he was in prison.[2]  However, his application is primarily premised on the grounds of newly-discovered evidence.  Specifically, Plaintiff contends that on April 3, 2014, the New York State Court of Claims awarded him damages as a result of the assault at Wende on  September 17, 2004, discussed above.  Plaintiff has submitted a copy of a decision by the Court of Claims, awarding him damages in the amount of $4,500.00 for injuries sustained when he was assaulted by Corrections Officer Horvatits, who is not a party to this action.  The decision indicates that the Court of Claims credited Plaintiff's testimony that Horvatits assaulted him at the behest of Corrections Sergeant Zydel ("Zydel"), who was a party to this action.

---

[1]*See*, Docket No. [#141] at p. 4.

[2]*See*, Docket No. [#141] at p. 4.

Plaintiff contends that such ruling by the New York State Court of Claims warrants reconsideration of the dismissal of his action, since it shows that the defendants in this action subsequently retaliated against him, and/or that Wende's Superintendent, Anthony Zon ("Zon"), was personally involved in the alleged constitutional violation, and that he committed a fraud on the Court.[3]   However, the Court disagrees.

At the outset, the ruling by the Court of Claims clearly has no bearing on dismissed claims 7-11 in this action, which pertained to incidents at Elmira.  Similarly, the Court of Claims ruling has no bearing on dismissed claims 1, 2, 4, 5 and most of 3,[4] since the events underlying those claims occurred prior, and are unrelated to, the alleged assault.

As for dismissed claim 6, Plaintiff claimed that after the alleged assault, he filed an inmate grievance, which was denied, and that he appealed that determination to Zon.  The claim further alleged that Zon denied Plaintiff's appeal, but Plaintiff initially did not receive a copy of Zon's written decision, though he received a copy later.  Plaintiff alleged that the reason he did not receive Zon's written decision initially was because the defendants tampered with his mail.

The Court granted summary judgment for the defendants, finding that Plaintiff's mail-tampering claims and retaliation claims were based on "nothing more than 'wholly conclusory' allegations, speculation, and conjecture," and that Plaintiff had failed to raise a triable issue of fact as to those claims.[5]   The fact that the New York State Court of

---

[3]*See, e.g.*, Docket No. [#141] at p. 11.

[4]One alleged incident of mail tampering in dismissed claim 3 occurred after the alleged assault, but the mail in question had nothing to do with the alleged assault.

[5]*See*, Docket No. [#135] at p. 19.

Appeals subsequently found that Horvatits assaulted Plaintiff does not undermine this Court's ruling.  The Court has considered all of Plaintiff's arguments and finds that they lack merit.

CONCLUSION

Plaintiff's application for reconsideration [#141] is denied.  This action remains closed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:          November 17, 2014
               Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge